Anthony P. X. Bothwell, CA SBN 200740
Law Offices of A. P. X. Bothwell
950 Lincoln Blvd. #29547
San Francisco, CA  94129-5705
Tel.: (415) 370-9571
FAX: (415) 772-9023
E-mail: apxb007@msn.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFONRIA

| | |
|---|---|
| ANTHONY T. RIVERA, | Case No. 3:16-cv-304 |
| Plaintiff, | COMPLAINT<br>U.S. Const. Amend. I |
| v. | 5 U.S.C. § 551 et seq. |
| LAWRENCE LIVERMORE NATIONAL SECURITY LLC; SHIWALI PATEL; KIMBERLY DAVIS LEBAK; NATIONAL NUCLEAR SECURITY ADMINISTRATION and OFFICE OF HEARINGS AND APPEALS, DEPARTMENT OF ENERGY, UNITED STATES OF AMERICA, | REQUEST FOR JURY |
| Defendants | |

## I. INTRODUCTION

1.  This is an action by Anthony T. Rivera against Lawrence Livermore National Security LLC, for wrongful discharge in violation of public policy; against Kimberly Davis Lebak and Shiwali Patel, for violation of First Amendment freedom of speech; and against the National Nuclear Security Administration and the Office of Hearings and Appeals, United States Department of Energy, for violation of due process.

## II. JURISDICTION

2. Jurisdiction is invoked pursuant to U.S. Const., Art. 3, Sect. 2, on the ground that this is a case in law or equity arising under the laws of the United States.

## III. VENUE

3. In conformance with 5 U.S.C. § 552(a)(4)(B), venue lies in the Northern District of California, where parties including Plaintiff Anthony T. Rivera (RIVERA) and Defendant Lawrence Livermore National Security LLC (LLNS), have their residence or principal place of business.

## IV. PARTIES

**Plaintiff**

4. Anthony T. Rivera (RIVERA), plaintiff, is an individual who resides in the Northern District of California.

**Defendants**

5. Lawrence Livermore National Security LLC (LLNS), defendant, is a partnership of the University of California, Bechtel National, Babcock and Wilcox, the Washington Division of URS Corporation, and Batelle. LLNS is the contractor responsible for managing Lawrence Livermore National Laboratory (LLNL), the nation's principal nuclear research and development facility, for the U.S. Department of Energy (DOE).

6.   Shiwali Patel (PATEL), defendant, was at all times relevant to this complaint an investigator employed by the Office of Hearings and Appeals (OHA), U.S. Department of Energy (DOE).

7.   Kimberly Davis Lebak (LEBAK), defendant, was at all times relevant to this complaint an employee of DOE's National Nuclear Safety Administration (NNSA). She was NNSA's site manager overseeing LLNS at the national laboratory, LLNL.

8.   The National Nuclear Security Administration (NNSA), a component of DOE, a federal agency, oversees the contractor management of LLNL.

9.   The Office of Hearings and Appeals (OHA), a component of DOE, is responsible for investigating, conducting hearings, and issuing decisions on whistleblower retaliation complaints of DOE employees and contractors pursuant to 10 C.F.R. Part 708.

**V.   RELATED MATTERS**

10.   RIVERA does not have knowledge of any other pending case arising from the same body of facts as are alleged in this case.

**VI.   FACTUAL ALLEGATIONS**

11.   Plaintiff Anthony T. Rivera (RIVERA), an award-winning senior engineer, was employed at Lawrence Livermore National Laboratory (LLNL) for 29 years.

12. For many years RIVERA was an advocate for the right of employees at LLNL to have a working environment that is fair as well as safe.

13. On September 27, 2012 RIVERA received notification that funding for his job "went away."

14. RIVERA believed a substantial and specific danger to employees' health or safety existed because Roberto Ruiz, a Materials Engineering Division (MED) Superintendent who had no known electrical qualifications, was functioning as a "safety manager" for the "120 VAC interlock" assignment (referencing 120 voltage alternating current).

15. RIVERA on October 2, 2012 performed his ethical duty as a credentialed engineer to order a "work pause" so as to remove the apparent danger to fellow employees.

16. That day, RIVERA reported the "work pause" to Dan Nikkel (Nikkel), the MED deputy division leader, and in addition explained the "work pause" to Lisa Tarte (TARTE) on October 2 and October 4, 2012.

17. In a letter to RIVERA on October 5, 2012, Laser Systems Engineering and Operations (LSEO) Division Leader Mark A. Newton (NEWTON) falsely claimed that TARTE had told RIVERA that the "120 VAC interlock" circumstances "do not merit a safety work pause."

_____

18. On October 5, 2012, RIVERA was converted to transitional employee, having no specific job assignment.

19. On October 6, 2012 RIVERA was denied access to LLNL, prevented from going to the workplace.

20. A Letter of Warning by NEWTON on October 17, 2012 falsely charged that RIVERA was "unprofessional" and "insubordinate" because he asked for a written job description and requested that counsel be present for a particular meeting.

21. A March 15, 2013 notice of five-day suspension for alleged "misconduct and poor performance," unsupported by facts, was issued against RIVERA.

22. It appeared to RIVERA that grossly unjust management acts constituted abuse of authority.

23. On November 14, 2012 RIVERA complained to Staff Relations Division Leader Bob Perko (PERKO) about mismanagement including the September 27, 2012 notification that funding for RIVERA's job "went away," October 5, 2012 conversion to transitional employee, October 6, 2012 denial of access to LLNL, and an unwarranted October 17, 2012 letter of warning.

24. RIVERA complained to Staff Relations Representative Kathryn Craft Rogers (ROGERS) on March 8, 2013 about a March 5, 2013 Notice of Intent to Suspend (5-Day) that accused him of insubordination and misconduct because he questioned the use of

an LLNL account and sought medical advice related to the working environment.

25. RIVERA made disclosures to LSEO Superintendent Ron Darbee DARBEE) on 9/16/13 concerning "a safety concern" about port glass failure in the High Explosive Application Facility (HEAF).

26. HEAF is the test facility at LLNL where the nuclear weapons laboratory detonates non-nuclear explosive devices.

27. RIVERA cited "legitimate safety and quality concerns in HEAF," noting that the port glass failure was the fourth incident at HEAF Site 300 in six months.

28. RIVERA's September 16, 2013 disclosure included reference to an e-mail that RIVERA sent to Dimitri Voloshin (VOLOSHIN) discussing whether "the 10kg tank port glass failure was due to an over pressure/fatigue" or "due to shot 'debris'" and alluding to "default" an "an 'opt out' of the debris shield requirement."

29. VOLOSHIN, the lead electrical engineer for HEAF, understood that the technical failure and incidents at HEAF implicated substantial safety concerns or threats to public health or safety.

30. DARBEE also was or should have been aware of the substantial safety implications of the HEAF incidents.

_____

31. LLNS officials were also aware of RIVERA's protected disclosures concerning other safety violations at the national laboratory – in addition to the 120 VAC interlock and HEAF incidents.

32. RIVERA's complaints to PERKO and ROGERS constituted allegations of retaliation for disclosing to the employer some information believed to reveal "abuse of authority."

33. The untimely notification that RIVERA's funding "went away," his sudden designation as a "transitional" employee without assignment, the denial of access to the workplace, and unwarranted notices of warning and suspension constituted action taken by a contractor against an employee with respect to employment as a result of his protected disclosures.

34. Many bad management acts contributed to the hostile work environment of which Rivera complained.

35. The adverse acts appear to be in retaliation for RIVERA's having made protected disclosures of fraud, gross mismanagement, gross waste of funds, or abuse of authority, and danger to employees and public health or safety.

36. The alleged ongoing harassment against RIVERA culminated in a Notice of Dismissal on October 16, 2013. The notice said nothing specific about the alleged "poor performance,

misconduct, and insubordination" on which it purportedly was based.

37. RIVERA submitted a complaint pursuant to 10 C.F.R. Part 708 to Clemonce Heard (HEARD), NNSA Livermore ECP Manager, on January 16, 2014, alleging retaliation for protected disclosures.

38. RIVERA amended the said 708 complaint on January 30, 2014.

39. RIVERA was notified that his 708 complaint was accepted, that it would be investigated, and that a hearing would be conducted on the merits; but in fact there was no investigation of the facts alleged in the complaint, and there was no hearing.

40. The DOE Office of Hearings and Appeals (OHA) failed to investigate and failed to conduct a hearing on the merits.

41. The investigator, PATEL, who refused to conduct an investigation of any of the facts alleged in the complaint, falsely claimed that RIVERA did not allege anything that should be investigated.

**FIRST CAUSE OF ACTION**
**WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**
**Defendant Lawrence Livermore National Security LLC**

42. The facts stated above in paragraphs 4 through 41 are incorporated as if set forth here.

43. It is the public policy of the United States to prohibit a personnel action with respect to an employee for disclosure of

information that the employee believes evidences any violation of law, rule, or regulation, or gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to employees' or public health and safety.

44. It is the public policy of California to prohibit an employer from retaliating against an employee for disclosing information to a government agency, to a person with authority over the employee or another employee who has authority to investigate, discover, or correct the violation or noncompliance, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

45. RIVERA was employed by Lawrence Livermore National Security LLC (LLNS).

46. RIVERA was discharged from employment by LLNS.

47. RIVERA's disclosure of information that he believed evidenced a violation of law, rule, or regulation, or gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety, was known to, and was a motivating reason for his discharge by, LLNS.

48. RIVERA's disclosure of information to a government agency, to a person with authority over the employee or another employee who has authority to investigate, discover, or correct the violation or noncompliance, was known to, and was a motivating reason for his harassment and discharge by, LLNS.

49. Consequently RIVERA has experienced actual and prospective income loss, expenses, damage to reputation, and mental and emotional distress.

50. RIVERA's complaints regarding High Explosive Application Facility incidents, and his communications regarding the 120 VAC interlock work safety pause – as well as disclosures he made concerning other safety violations - constituted disclosures to the employer about substantial and specific danger to employees or to public health or safety.

51. RIVERA had reasonable cause to believe that the various disclosures he made revealed gross mismanagement, gross waste of funds, an abuse of authority, or violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

## SECOND CAUSE OF ACTION
### VIOLATION OF FIRST AMENDMENT FREEDOM OF SPEECH
*U.S. Const. Amend. I*
**Defendants Kimberly Davis Lebak and Shiwali Patel**

52. The facts stated above in paragraphs 4 through 51 are incorporated as if set forth here.

_____

53.  Kimberly Davis Lebak (LEBAK) and Shiwali Patel (PATEL) owed a specific duty to RIVERA to refrain from punishing him for his exercise of his constitutional right of freedom of speech.

54.  RIVERA has a constitutionally protected right under the First Amendment.

55.  LEBAK and PATEL, federal officials, violated that right.

56.  RIVERA's exercise of that right was known to LEBAK and PATEL who, acting under the color of office as federal officials, punished him for it.

57.  Consequently RIVERA has experienced actual and prospective income loss, expenses, damage to reputation, and mental and emotional distress.

58.  No available statutory cause of action provides any monetary compensation against PATEL and LEBAK for the violation of constitutional rights.

59.  No special factors suggest that the Court should decline to provide the judicial cause of action and remedy.

60.  No appropriate immunity can be raised by PATEL and LEBAK.

### THIRD CAUSE OF ACTION
### VIOLATION OF DUE PROCESS
*Administrative Procedures Act, 5 U.S.C. § 551 et seq.*
**Defendants National Nuclear Security Administration and Office of Hearings and Appeals, U.S. Department of Energy**

61.  The facts stated above in paragraphs 4 through 60 are incorporated as if set forth here.

62. Officials of the National Nuclear Security Administration (NNSA) and of the Office of Hearings and Appeals (OHA), United States Department of Energy (DOE), violated RIVERA's constitutional right of due process.

63. DOE's NNSA officials knowingly allowed LLNS to disregard RIVERA's complaints of retaliation for protected activity.

64. DOE's OHA officials knowingly disregarded RIVERA's right to have his retaliation complaint investigated and decided in an administrative hearing on the merits.

65. OHA rendered a facially incorrect decision dismissing RIVERA's complaint of retaliation.

**PRAYER FOR REMEDIES**

Wherefore PLAINTIFF requests:

[ 1 ]    Compensatory damages of five million dollars ($5,000,000.00) against Lawrence Livermore National Security (LLNS), Shiwali Patel, and Kimberly Davis Lebak.

[ 2 ]    Reinstatement of Anthony T. Rivera (RIVERA) to his former position as a Senior Engineering Associate (Job Classification 339.2) employee of LLNS.

[ 3 ]    An order requiring DOE to reform NNSA procedures so as to enforce in practice the right of employees of government-owned contractor-operated national laboratories to be free from retaliation for protected disclosures.

_____

[ 4 ] An order requiring DOE to reform OHA procedures so as to enforce in practice the right of employees and contractors to have complaints of whistleblower retaliation impartially investigated and decided in an administrative hearing on the merits.

5 . Such other and additional remedies as the Court may deem to serve the purpose of justice and the public interest.

**REQUEST FOR JURY**

Plaintiff RIVERA requests trial by jury.

Respectfully submitted.

Dated: January 19, 2016    ___s/A.P.X Bothwell_____
                                      ANTHONY P. X. BOTHWELL
                                      Attorney for
                                      Anthony T. Rivera, Plaintiff

_____