UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANTHONY T. RIVERA,<br><br>              Plaintiff,<br><br>       v.<br><br>LAWRENCE LIVERMORE NATIONAL<br>SECURITY, LLC, et al.,<br><br>              Defendants. | Case No. 16-cv-00304-PJH<br><br>**ORDER GRANTING MOTION TO<br>DISMISS PLAINTIFF'S FIRST CLAIM**<br>Re: Dkt. No. 20 |

Defendant's motion to dismiss plaintiff's first cause of action came on for hearing before this court on May 11, 2016.  Plaintiff Anthony T. Rivera appeared through his counsel, Anthony Bothwell.  Defendant Lawrence Livermore National Security, LLC ("LLNS") appeared through its counsel, Dorothy Liu.  Having read the parties' papers and carefully reviewed their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion to dismiss the plaintiff's first claim, which alleges wrongful discharge in violation of public policy.  As LLNS is named as a defendant only with respect to the first cause of action, LLNS is accordingly DISMISSED as a party in this matter.

## BACKGROUND

This is a wrongful discharge action brought by Anthony T. Rivera, a former employee of the Lawrence Livermore National Laboratory, which LLNS manages and operates for the United States Department of Energy ("DOE").  See Compl. ¶¶ 1, 5 (Dkt. 1).  Rivera is an engineer who was employed at Lawrence Livermore National Laboratory for 29 years.  Id. at ¶ 11.

1    On October 16, 2013, Rivera was dismissed from his position.  Id. at ¶ 36.  In his

2    complaint, Rivera alleges that his dismissal, and other adverse actions taken against him,

3    were in retaliation for disclosures that he made about potential safety violations.  Id. at ¶¶

4    15–17, 33–36.  Among other things, Rivera points to a "work pause" that he ordered on

5    October 2, 2012 for an assignment relating to the 120 VAC (voltage alternating current)

6    interlock.  See id.

7        On January 19, 2016, Rivera filed a complaint against defendants LLNS, the DOE,

8    the DOE's Office of Hearings and Appeals ("OHA"), the United States of America, and

9    the National Nuclear Security Administration ("NNSA"), which is a component of the

10   DOE.  Id. at ¶¶ 5–9.  Rivera also named as defendants the individuals Shiwali Patel, an

11   OHA investigator, and Kimberly Davis Lebak, a site manager for the NNSA that oversees

12   Lawrence Livermore National Laboratory.  Id.  The complaint asserted three causes of

13   action: (1) a state tort claim for wrongful discharge in violation of public policy against

14   LLNS; (2) a First Amendment claim against Patel and Lebak; and (3) a due process claim

15   under the Administrative Procedures Act against NNSA, OHA, and DOE.  Id. at ¶¶ 42–65.

16       On April 4, 2016, LLNS filed a motion to dismiss Rivera's wrongful discharge claim

17   as time-barred.  Dkt. 20.  Neither the other defendants, nor Rivera's claims under the

18   First Amendment and Due Process Clause, are implicated by the instant motion.

**DISCUSSION**

20   A.    Legal Standards

21       A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the

22   legal sufficiency of the claims alleged in the complaint.  Ileto v. Glock, Inc., 349 F.3d

23   1191, 1199–1200 (9th Cir. 2003).  To survive a motion to dismiss for failure to state a

24   claim, a complaint generally must satisfy the pleading requirements of Federal Rule of

25   Civil Procedure 8, which requires that a complaint include a "short and plain statement of

26   the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The court

27   is to "accept all factual allegations in the complaint as true and construe the pleadings in

28   the light most favorable to the nonmoving party."  Outdoor Media Group, Inc. v. City of

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1  Beaumont, 506 F.3d 895, 899–900 (9th Cir. 2007).  However, legally conclusory

2  statements, not supported by actual factual allegations, need not be accepted.  Ashcroft

3  v. Iqbal, 556 U.S. 662, 678–79 (2009).  The allegations in the complaint "must be enough

4  to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550

5  U.S. 544, 555 (2007) (citations and quotations omitted).

6        If a claim is barred by the applicable state statute of limitations, dismissal pursuant

7  to Rule 12(b)(6) is appropriate.  Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th

8  Cir. 2000).  "A motion to dismiss based on the running of the statute of limitations period

9  may be granted only if the assertions of the complaint, read with the required liberality,

10  would not permit the plaintiff to prove that the statute was tolled."  Supermail Cargo, Inc.

11  v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995) (citation and internal quotation

12  marks omitted).  "In fact, a complaint cannot be dismissed unless it appears beyond

13  doubt that the plaintiff can prove no set of facts that would establish the timeliness of the

14  claim."  Id. at 1207.

15  B.    Legal Analysis

16        The parties agree that Rivera's cause of action for wrongful discharge accrued on

17  October 16, 2013, when he received a Notice of Dismissal from Lawrence Livermore

18  National Laboratory.  Compl. ¶ 36; Romano v. Rockwell Int'l, 14 Cal. 4th 479, 501 (1996)

19  ("[W]hen an employee alleges that his or her employment has been terminated in

20  violation of public policy, a cause of action will accrue at the time of dismissal for the

21  purpose of the statute of limitations.").  There is also no dispute that a two-year statute of

22  limitations applies to wrongful discharge claims under California law.  Cal. Code Civ. Pro.

23  § 335.1; Lamke v. Sunstate Equipment Co., 387 F. Supp. 2d 1044, 1051 (N.D. Cal.

24  2004).  Rivera was thus required to file suit on or before October 16, 2015, and because

25  his complaint was filed on January 19, 2016, it is several months untimely unless

26  equitable tolling applies.

27        Rivera argues that he was entitled to equitable tolling while he pursued an

28  administrative remedy before the DOE pursuant to 10 C.F.R. § 708.  Rivera filed his

United States District Court
Northern District of California

1    administrative complaint on January 16, 2014, within the applicable two-year period.

2    Compl. ¶ 37.[1]  His claim for wrongful discharge would therefore be timely if equitable

3    tolling was available in this case.

4         Under established California law, "whenever the exhaustion of administrative

5    remedies is a prerequisite to the initiation of a civil action," the limitations period is

6    automatically tolled during the time consumed by the administrative proceeding.  Elkins v.

7    Derby, 12 Cal. 3d 410, 414 (1974).  Rivera does not argue that exhaustion was required

8    in his case.  However, "equitable tolling may extend even to the *voluntary* pursuit of

9    alternate remedies" in some circumstances.  See McDonald v. Antelope Valley Cmty.

10   Coll. Dist., 45 Cal. 4th 88, 101 (2008).  If otherwise appropriate, equitable tolling is

11   available if there is "timely notice, and lack of prejudice, to the defendant, and reasonable

12   and good faith conduct on the part of the plaintiff."  Id. at 102 (citation omitted).  In

13   McDonald, for example, the California Supreme Court held that the statute of limitations

14   for Fair Employment and Housing Act ("FEHA") claims may be equitably tolled during the

15   period that a plaintiff voluntarily pursues an employer's internal administrative remedy.

16   Id. at 110–11.

17        However, unlike statutory claims under FEHA that may be tolled during the

18   pendency of administrative proceedings, common law claims for wrongful termination are

19   independent and voluntary alternatives that are not tolled while the plaintiff pursues an

20

21   _____

     [1] In conjunction with LLNS's motion, both parties filed requests for judicial notice of
22   Rivera's administrative complaint and its amendment.  See Def.'s Request for Judicial
     Notice, Dkt. 21; Pl.'s Request for Judicial Notice, Dkt. 25.  Rivera joins in LLNS's request
23   for judicial notice of the documents, subject to the clarification that LLNS include Rivera's
     January 30, 2014 amendment of his administrative complaint, which LLNS concedes that
24   it inadvertently omitted.  Dkt. 27, at 8 n.3.

25   The DOE administrative complaint and its amendment are central to Rivera's claim for
     wrongful discharge, and neither party disputes the authenticity of the copies submitted for
26   judicial notice.  The court thus will take judicial notice of Rivera's administrative complaint
     and amendment pursuant to Federal Rule of Evidence 201.  See Fed. R. Evid. 201;
27   United States v. Corinthian Colleges, 655 F.3d 984, 999 (9th Cir. 2011) ("We may also
     consider unattached evidence on which the complaint 'necessarily relies' if: (1) the
28   complaint refers to the document; (2) the document is central to the plaintiff's claim; and
     (3) no party questions the authenticity of the document.").

United States District Court
Northern District of California

1  administrative remedy.  See Mathieu v. Norrell Corp., 115 Cal. App. 4th 1174, 1189–90

2  (2004) (citing Rojo v. Kliger, 52 Cal. 3d 65, 86 (1990)).  In such a case, "the putative

3  plaintiff is not in any way disadvantaged by having to file his or her nonstatutory claims

4  before receiving a right-to-sue letter from the DFEH [the Department of Fair Employment

5  and Housing] and, therefore, there is no basis for recognizing equitable tolling in this

6  situation."  Id. at 1189.

7      Mathieu compels a finding that Rivera's wrongful discharge claim is time-barred.

8  Rivera's attempts to rely on general language in the McDonald decision are misplaced.

9  Pl.'s Opp'n at 8–11, Dkt. 24.  McDonald held that a statutory claim under FEHA was

10  tolled when "an employee voluntarily pursues an internal administrative remedy."  45 Cal.

11  4th at 96.  Rivera does not seek to toll a statutory claim, but instead a common law tort

12  action for wrongful discharge.  That is precisely the type of claim that was at issue in

13  Mathieu, which held that equitable tolling was *not* available while a plaintiff pursued

14  voluntary administrative relief.  See 115 Cal. App. at 1189–90.

15      Indeed, following Mathieu, a number of federal courts have denied equitable tolling

16  under circumstances similar to this case.  See Tanner v. Kaiser Found. Health Plan, Inc.,

17  No. C 15-02763-SBA, 2015 WL 7770216, at *5 (N.D. Cal. Dec. 3, 2015) ("Because a

18  cause of action for wrongful discharge does not require the filing of an administrative

19  complaint, however, equitable tolling does not apply."); Villalvaso v. Odwalla, Inc., No.

20  1:10-CV-02369-OWW, 2011 WL 1585604, at *8–*9 (E.D. Cal. Apr. 25, 2011) ("California

21  Courts do not extend equitable tolling to permit 'a plaintiff to delay filing a common law

22  tort action' of wrongful termination in violation of public policy while a Plaintiff pursues a

23  FEHA administrative claim."); Gardner v. Pediatrix Med. Grp., No. C-09-1325 MMC, 2009

24  WL 2394368, at *1 (N.D. Cal. Aug. 4, 2009) (no tolling of wrongful discharge or retaliation

25  claim limitations based on filing of administrative claim); but see McEnroe v. AT&T

26  Mobility Servs. LLC, No. 15-CV-02190-HSG, 2015 WL 5168671, at *2–*4 (N.D. Cal. Sept.

27  3, 2015) (distinguishing Mathieu as limited to the FEHA context).

28  ///

1    Because equitable tolling is not available, Rivera's claim for wrongful discharge is

2    untimely under the applicable statute of limitations.  Cal. Code Civ. Pro. § 335.1.  In light

3    of this holding, the court need not consider the alternative bases for dismissal asserted in

4    LLNS's motion.

5                                   **CONCLUSION**

6    For the foregoing reasons, defendant's motion to dismiss Rivera's claim for

7    wrongful discharge as time-barred is GRANTED, and LLNS is hereby DISMISSED as a

8    defendant in this action.

9    **IT IS SO ORDERED.**

10   Dated: June 2, 2016.

11

12   _____

13   PHYLLIS J. HAMILTON
     United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

6