UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY T. RIVERA,

           Plaintiff,

    v.

SHIWALI PATEL, et al.,

           Defendants.

Case No.  16-cv-00304-PJH

**ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND; GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

Re: Dkt. No. 36, 37

      Before the court is a motion to dismiss brought by defendants Kimberly Davis Lebak, Shiwali Patel, the U.S. Department of Energy (the "DOE"), the National Nuclear Security Administration ("NNSA"), and the United States of America (collectively, the "Federal Defendants").  See Dkt. 36.  The motion came on for hearing on June 29, 2016.  The Federal Defendants appeared through their counsel, Jennifer S. Wang.  Plaintiff Anthony T. Rivera appeared through his counsel, Anthony Bothwell.  Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

## BACKGROUND

      This is a wrongful discharge action brought by Rivera, a former employee of the Lawrence Livermore National Laboratory ("LLNL"), which Lawrence Livermore National Security ("LLNS") manages and operates for the DOE.  See Compl. ¶¶ 1, 5.  Rivera is an engineer who was employed at LLNL for 29 years.  Compl. ¶ 11.  On October 16, 2013, Rivera was dismissed from his position.  Compl. ¶ 36.

///

1    In his complaint, Rivera alleges that his dismissal, and other adverse employment

2  actions taken against him, were in retaliation for disclosures that he made about potential

3  safety issues at LLNL.  Compl. ¶¶ 15–17, 33–36.  The complaint describes two such

4  disclosures.  First, Rivera points to a work pause that he ordered regarding the "120 VAC

5  interlock" assignment on October 2, 2015.  Compl. ¶ 14–15.  Shortly after this incident,

6  Rivera was converted to transitional employee and denied access to LLNL.  Compl.

7  ¶¶ 18–19.  On March 15, 2013, Rivera received a notice of a five-day suspension for

8  "misconduct and poor performance."  Comp. ¶ 21.

9    Rivera's other alleged safety disclosure relates to the potential for "port glass

10  failure" at the LLNL's High Explosive Application Facility ("HEAF"), a lab that detonates

11  non-nuclear explosive devices.  Compl. ¶¶ 25–26.  On September 13, 2013, Rivera

12  disclosed his safety concerns about port glass failure in the HEAF to Ron Darbee, an

13  LLNS Superintendent.  Compl. ¶¶ 25–27.  Rivera referred to an email he sent to Dimitri

14  Voloshin about this problem.  Comp. ¶ 28.  On October 16, 2013—a little more than a

15  month later—Rivera received a notice of dismissal based on "poor performance,

16  misconduct, and insubordination."  Comp. ¶ 36.

17    Following his dismissal, Rivera submitted an administrative complaint, pursuant to

18  10 C.F.R. Part 708, to the NNSA's Employee Concerns Program Manager.  Compl. ¶ 37.

19  Filed on January 16, 2014, Rivera's administrative complaint alleged retaliation for his

20  protected disclosures.  Id.  In this action, Rivera alleges that the DOE Office of Hearings

21  and Appeals ("OHA") failed to investigate his administrative complaint or to conduct a

22  hearing on its merits.  Compl. ¶¶ 39–40.  In particular, Rivera alleges that the OHA

23  investigator, Patel, refused to conduct an investigation and falsely claimed that Rivera did

24  not allege anything that should be investigated.  Comp. ¶ 41.

25    Rivera's complaint asserts three causes of action.  The first claim, for wrongful

26  discharge against LLNS under California law, has already been dismissed by the court as

27  time-barred.  See Dkt. 38.

28  ///

United States District Court
Northern District of California

The second claim is based on the First Amendment, and asserted against two federal officials, Lebak and Patel.  The complaint alleges that Lebak and Patel "punished" Rivera for exercising his right to freedom of speech, causing him emotional distress and monetary harm.  Compl. ¶ 53–57.

The third claim is based on the Administrative Procedures Act ("APA"), and is asserted against NNSA, OHA, and the DOE.[1]  Rivera alleges that OHA officials "disregarded Rivera's right to have his retaliation claim investigated" and rendered a "facially incorrect decision" on his administrative complaint.  Compl. ¶¶ 64–65.  Rivera also claims that NNSA "knowingly allowed LLNS to disregard" Rivera's complaints of retaliation.  Compl. ¶ 63.

Rivera seeks $5 million in damages, reinstatement to his former position as a senior engineering associate for LLNS, and an order requiring the DOE to reform NNSA procedures to prevent retaliation for protected disclosures and to reform OHA procedures regarding investigations and hearings on whistleblower complaints.  Compl. at 12–13.

The Federal Defendants now bring a motion to dismiss Rivera's second and third causes of action under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  In brief, the Federal Defendants assert that the court lacks subject matter jurisdiction over the APA and First Amendment claims, and that, in any event, Rivera has not alleged sufficient facts to state a plausible claim under the First Amendment.  See Dkt. 36.

## DISCUSSION

### A.    Legal Standards

1.    Rule 12(b)(1)

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Article III of the United States Constitution and statutes enacted by

[1] Rivera's third cause of action is styled as a "violation of due process" based upon the APA.  At the hearing, plaintiff's counsel made clear that this due process violation is made pursuant the APA's guarantee against "arbitrary and capricious" agency action.  See 5 U.S.C. § 706(2)(A).  The court will therefore construe Rivera's third cause of action as an APA claim, and not a claim made directly under the Due Process Clause.

Congress pursuant thereto.  See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986).  Thus, federal courts have no power to consider claims for which they lack subject-matter jurisdiction.  Id.

On a motion to dismiss pursuant to Rule 12(b)(1), the applicable standard turns on the nature of the jurisdictional challenge.  A defendant may either challenge jurisdiction on the face of the complaint, or provide extrinsic evidence demonstrating lack of jurisdiction on the facts of the case.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). Where there is a facial attack on the court's subject matter jurisdiction, the standard is akin to the standard applied in determining a Rule 12(b)(6) motion.  That is, the factual allegations are presumed true, and the motion is granted only if the plaintiff does not set forth the elements necessary for subject matter jurisdiction.  See Doe v. Schachter, 804 F. Supp. 53, 57 (N.D. Cal. 1992).  The burden of establishing that a cause lies within this limited jurisdiction rests upon the party asserting jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

2.      Rule 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899–900 (9th Cir. 2007).

///

4

1   Legally conclusory statements, not supported by actual factual allegations, need

2   not be accepted by the court.  Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).  The

3   allegations in the complaint "must be enough to raise a right to relief above the

4   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations

5   and quotations omitted).  "A claim has facial plausibility when the plaintiff pleads factual

6   content that allows the court to draw the reasonable inference that the defendant is liable

7   for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation omitted).  "[W]here the well-

8   pleaded facts do not permit the court to infer more than the mere possibility of

9   misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is

10  entitled to relief.'"  Id. at 679.  In the event dismissal is warranted, it is generally without

11  prejudice, unless it is clear that the complaint cannot be saved by any amendment.  See

12  Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

13  While the court generally may not consider material outside the pleadings when

14  resolving a motion to dismiss for failure to state a claim, the court may consider matters

15  that are properly the subject of judicial notice.  United States v. Corinthian Colleges, 655

16  F.3d 984, 999 (9th Cir. 2011).  Additionally, the court may consider unattached evidence

17  on which the complaint "necessarily relies" if the complaint refers to the document and no

18  party questions its authenticity.  See id. (citations omitted).

19  **B.   Plaintiff's Request for Judicial Notice**

20  Both parties attempt to introduce supporting evidentiary material beyond the

21  complaint for this motion.  The court has previously granted the parties' request for

22  judicial notice of Rivera's administrative complaint and its amendment.  See Dkt. 38.

23  The Federal Defendants seek to introduce a number of additional documents from

24  the OHA administrative record, including: (i) the appointment letter of Patel as OHA

25  investigator for Rivera's administrative complaint; (ii) a sworn statement from Rivera

26  made during Patel's investigation; (iii) Patel's written decision dismissing Rivera's

27  administrative complaint; and (iv) the decision of OHA Director Marmolejos denying

28  Rivera's appeal.  Dkt. 36-1, Ex. A–D.  Defendants rely on a declaration from OHA Deputy

1   Director Fred L. Brown to authenticate these documents.  Brown further avers that on

2   March 23, 2015, Rivera submitted a petition for Secretarial review of OHA's decision,

3   which is currently pending.  Dkt. 36-1 ¶ 5.

4           For his part, plaintiff requests that the court take judicial notice of: (i) a December

5   7, 2015 letter inquiring into the status of Rivera's petition for Secretarial review (Exhibit

6   A); (ii) Rivera's July 13, 2015 memorandum in support of his petition for Secretarial

7   review and its supporting affidavit (Exhibits B–C); (iii) email correspondence from Lebak

8   to Michael Lempke (Exhibit D); (iv) a letter from Bruce M. Diamond, counsel for NNSA, to

9   Rivera (Exhibit E); and (vi) a letter from Lebak to Dean Childs, the Internal Affairs Director

10  at NNSA (Exhibit F).  Dkt. 37-1 Ex. A–F.

11          The court will consider the documents submitted by the Federal Defendants as

12  evidence in support of their motion to dismiss for lack of subject matter jurisdiction

13  pursuant to Federal Rule of Civil Procedure 12(b)(1).  "In resolving a factual attack on

14  jurisdiction, the district court may review evidence beyond the complaint without

15  converting the motion to dismiss into a motion for summary judgment."  Safe Air for

16  Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted).  Rivera does

17  not object to the court's consideration of these documents, which are part of the record

18  regarding Rivera's administrative complaint.  The court will receive the documents only

19  as evidence as to the procedural status of Rivera's administrative complaint.

20          For the same reason, the court will consider plaintiff's Exhibits A, B, and C, which

21  are part of the OHA administrative record and relevant to the defendants' Rule 12(b)(1)

22  motion.  The court therefore GRANTS plaintiff's request for judicial notice of these

23  documents.  Plaintiff's Exhibits D, E, and F are a different matter.  These documents are

24  correspondence between Lebak, Rivera, and others, offered by Rivera to bolster his

25  opposition to the Rule 12(b)(6) motion to dismiss for failure to state a claim.  Plaintiff did

26  not attach these documents to his complaint, and there is no other basis to receive this

27  evidence on a Rule 12(b)(6) motion.  See United States v. Corinthian Colleges, 655 F.3d

28  984, 998–99 (9th Cir. 2011).  A plaintiff is not permitted to rehabilitate the insufficiency of

United States District Court
Northern District of California

6

United States District Court
Northern District of California

1    his pleading by relying on documents to support allegations that were not actually made

2    in the complaint.  For these reasons, as well as those stated at the hearing, the court

3    DENIES the request for judicial notice of plaintiff's Exhibits D, E, and F.

4    **C.      Defendants' Motion to Dismiss**

5            1.      The APA Claim

6            Turning to the merits of the motion, the court will first address Rivera's third cause

7    of action, the APA claim.  In their motion, the Federal Defendants assert that this court

8    lacks subject matter jurisdiction because Rivera's APA claim is premature.  In particular,

9    defendants note that on March 23, 2015, Rivera submitted a petition for Secretarial

10   review of the OHA administrative decision, which he supported with a July 13, 2015

11   memorandum of points and authorities.  Dkt. 36-1 ¶ 5, 37-1 Ex. B–C.  The defendants

12   argue that there is no final agency action until Rivera's petition for Secretarial review is

13   resolved.  If a challenged agency action is not final, this court lacks subject matter

14   jurisdiction to hear a claim under the APA.  <u>Mamigonian v. Biggs</u>, 710 F.3d 936, 941 (9th

15   Cir. 2013) (citing 5 U.S.C. § 704).

16          There is a two-part test for whether an agency action is final: "(1) the action should

17   mark the consummation of the agency's decision making process; and (2) the action

18   should be one by which rights or obligations have been determined or from which legal

19   consequences flow."  <u>Pac. Coast Fed'n of Fishermen's Ass'ns v. Nat'l Marine Fisheries</u>

20   <u>Serv.</u>, 265 F.3d 1028, 1033 (9th Cir. 2001) (citing <u>Ecology Ctr., Inc. v. U.S. Forest</u>

21   <u>Service</u>, 192 F.3d at 925–26).  Here, Federal Defendants are correct that the first part of

22   this test is not met.  The applicable regulations establish that the agency's decision-

23   making process is not final until the petition for Secretarial review is decided.  <u>See</u> 10

24   C.F.R. § 708.34(d) ("The appeal decision issued by the OHA Director is the final agency

25   decision <u>unless</u> a party files a petition for Secretarial review . . . .") (emphasis added) & §

26   708.35(d) ("After a petition for Secretarial review is filed, the Secretary (or his or her

27   delegee) will issue the final agency decision on the complaint.").

28   ///

The burden is on Rivera to demonstrate that there is subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Rivera does not dispute that his Secretarial review petition is still pending. Instead, Rivera argues that the petition has been pending for almost a year, and is not likely to succeed. If that is the case, Rivera is free to withdraw his petition or to make a claim to compel agency action that has been "unreasonably delayed." 5 U.S.C. § 706. Rivera's subjective assessment of the futility of his own petition for Secretarial review, however, does not affect this court's lack of subject matter jurisdiction when there is no final agency action.

The court therefore GRANTS the motion to dismiss the APA claim pursuant to Federal Rule of Civil Procedure 12(b)(1), as the court lacks subject matter jurisdiction. The dismissal is WITHOUT PREJUDICE. If he so chooses, Rivera may refile his APA claim when there is a final agency decision on his administrative complaint.

   2.   The 1st Amendment Claims

Rivera's First Amendment claims are not a model of clarity. Rivera alleges that Lebak and Patel, as federal officials, "punished" Rivera for exercising his right to freedom of speech. Compl. ¶ 53–60. The complaint does not make clear what "punish[ment]" is referred to, nor what particular speech of Rivera led to his punishment. As to Lebak, the complaint contains no factual allegations about her other than that she was "NNSA's site manager overseeing LLNS." Compl. ¶ 7. The only factual allegation against Patel in the complaint is that she "failed to investigate" Rivera's administrative complaint. Compl. ¶ 41. Presumably, the theory is that Patel failed to investigate Rivera's complaint in retaliation for protected speech (either Rivera's safety disclosures, or his decision to institute an administrative complaint).

The Federal Defendants urge dismissal of the First Amendment claims against Lebak and Patel on two independent grounds. First, they argue that the court lacks jurisdiction because there is no basis to imply a private damages remedy for a First Amendment violation pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"). Second, the Federal Defendants urge that

1    the plaintiff's allegations are factually insufficient, and must be dismissed as lacking

2    plausibility under Rule 12(b)(6).

3                    i.      Whether a Bivens Cause of Action Is Available

4           Although the Supreme Court has so far "declined to extend Bivens to a claim

5    sounding in the First Amendment," see Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009), the

6    Ninth Circuit has recognized Bivens claims under the First Amendment.  See Moss v.

7    United States Secret Serv., 572 F.3d 962, 967 n.4 (9th Cir. 2009) ("The Supreme Court

8    has never explicitly held that the logic of Bivens extends to claims alleging a First

9    Amendment violation.  This court, however, has held that Bivens authorizes First

10   Amendment damages claims."); Gibson v. United States, 781 F.2d 1334, 1342 (9th Cir.

11   1986) (recognizing "a Bivens-type action directly under the First Amendment" when

12   federal officers "act[] with the impermissible motive of curbing [plaintiff's] protected

13   speech").  However, the fact that the Ninth Circuit has allowed some Bivens claims under

14   the First Amendment does not mean that Rivera's claim is cognizable.  Under Wilkie v.

15   Robbins, 551 U.S. 537 (2007), courts should not imply a Bivens remedy when there is an

16   "alternative, existing process for protecting the [plaintiff's] interest."  Id. at 550.  The

17   Federal Defendants argue that the APA is an adequate, alternative remedial scheme for

18   Rivera's First Amendment claims.

19          In the Ninth Circuit, "the APA leaves no room for Bivens claims based on agency

20   action or inaction."  W. Radio Servs. Co. v. U.S. Forest Serv., 578 F.3d 1116, 1123 (9th

21   Cir. 2009).  The plaintiff in Western Radio Services asserted First Amendment, Fifth

22   Amendment, and APA claims against Forest Service officials based on their alleged

23   "delays and inactions" regarding the plaintiff's applications to construct antennae in a

24   National Forest.  Id. at 1117–18.  On the First Amendment claim, plaintiff argued that the

25   Forest Service's inaction was in retaliation for protected speech (a prior lawsuit against

26   the Forest Service).  Under these circumstances, the Ninth Circuit held that the APA was

27   an "adequate alternative remedy" for the retaliation claim, and thus affirmed the dismissal

28   of the Bivens claim.  Id. at 1122–23.

United States District Court
Northern District of California

1   Rivera's claim against Patel appears to be based on the theory that she "failed to
2   investigate" Rivera's administrative complaint because of his exercise of free speech
3   rights.  Compl. ¶ 41, 53, 56.  In essence, this is a claim about agency inaction in
4   retaliation for speech.  That is precisely the type of claim that <u>Western Radio Services</u>
5   held must be made under the APA, and not implied under <u>Bivens</u>.  Plaintiff's attempt to
6   distinguish <u>Western Radio Services</u> because Rivera seeks monetary damages is
7   unavailing.  The Ninth Circuit specifically addressed that issue in <u>Western Radio</u>
8   <u>Services</u>, holding that although the APA "does not provide for monetary damages," the
9   remedy it affords was still "adequate."  <u>Id.</u> at 1123, 25.

10   The court therefore lacks jurisdiction to consider a <u>Bivens</u> claim against Patel on
11   the facts alleged.  Any such claim would need to be made under the APA.  <u>See</u> 5 U.S.C.
12   §§ 702, 706.   However, as explained above, there must be a final agency action before
13   the court could hear such a claim.

14   The complaint lacks sufficient factual allegations against Lebak to determine
15   whether a <u>Bivens</u> action is available against her, or if there is an adequate alternative
16   remedy under the APA precluding the availability of a <u>Bivens</u> claim.  The only specific
17   factual allegation against Lebak in the complaint is that she was NNSA's site manager
18   and oversaw LLNS.  There is no <u>respondeat superior</u> liability under <u>Bivens</u>, so actions
19   taken by NNSA or LLNS cannot be imputed to Lebak unless she individually participated
20   in them.  <u>Iqbal</u>, 556 U.S. at 676.  The complaint does not make clear what the factual
21   basis for any claim against Lebak is, nor what the legal theory under <u>Bivens</u> would be.

22   ii.   The Factual Sufficiency of the Allegations
23   The First Amendment claims against Lebak and Patel also fail for the separate
24   reason that they are factually insufficient to state a claim.  To survive a motion under Rule
25   12(b)(6), the plaintiff must plead "factual content that allows the court to draw the
26   reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 556
27   U.S. at 678 (citation omitted).  Rivera's First Amendment claims do not meet this
28   standard.

1    The sole specific factual allegations against Patel in the complaint is that she

2    "failed to investigate" Rivera's administrative complaint and "falsely claimed that [Rivera]

3    did not allege anything that should be investigated."  Compl. ¶ 41.  The complaint's

4    allegations are even thinner with respect to Lebak.  Literally the <u>only</u> thing that the

5    complaint says about Lebak is that she was "NNSA's site manager overseeing LLNS."

6    Compl. ¶ 7.  The remainder of the First Amendment allegations are merely conclusory

7    statements that Lebak and Patel "punish[ed]" Rivera for exercising his right to freedom of

8    speech, "violat[ed]" his First Amendment rights, and caused Rivera harm.  Compl. ¶¶ 53–

9    60.  The complaint does not make clear what "punish[ment]" is referred to, nor does it

10   identify the particular speech of Rivera that allegedly caused his punishment.  "[A]

11   plaintiff's obligation to provide the grounds of his entitlement to relief requires more than

12   labels and conclusions, and a formulaic recitation of the elements of a cause of action will

13   not do."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations and

14   quotations omitted).

15   Accordingly, the court GRANTS the motion to dismiss the First Amendment claims

16   against Lebak and Patel.  However, as it is not completely certain that the claims could

17   not be saved, the court will provide leave to amend.  Any such amendment must state

18   both specific facts supporting the allegations against Lebak and Patel, and a cognizable

19   legal theory over which the court has subject matter jurisdiction.

20                                              **CONCLUSION**

21   For the foregoing reasons, the motion to dismiss is GRANTED.  With respect to

22   the APA claim, the dismissal is WITHOUT PREJUDICE.  The plaintiff may refile once

23   there is a final agency action subject to judicial review under the APA.  With respect to

24   the First Amendment/<u>Bivens</u> claim, the dismissal is with leave to amend.  Plaintiff shall

25   have 28 days from this order in which to amend his complaint to allege sufficient facts

26   that support a plausible legal theory.

27   ///

28   ///

**IT IS SO ORDERED.**

Dated: July 1, 2016

_____

PHYLLIS J. HAMILTON
United States District Judge