1
2
3                     UNITED STATES DISTRICT COURT
4                    NORTHERN DISTRICT OF CALIFORNIA
5
6    ANTHONY T. RIVERA,
7                    Plaintiff,                    Case No.  16-cv-00304-PJH
8          v.
                                                   **ORDER GRANTING MOTION TO
9    SHIWALI PATEL, et al.,                        DISMISS**
10                   Defendants.                    Re: Dkt. No. 64
11
12
13         Before the court is defendants' motion to dismiss plaintiff's amended complaint.

14   Dkt. 64.  The matter is fully briefed and suitable for decision without oral argument.

15   Accordingly, the hearing set for November 16, 2016 is VACATED.  Having read the

16   parties' papers and carefully considered their arguments and the relevant legal authority,

17   and good cause appearing, the court hereby GRANTS the motion, for the following

18   reasons.

19                              **BACKGROUND**

20   **A.    Procedural History**

21         This is the fourth motion to dismiss in this case.  First, on June 2, 2016, the court

22   dismissed with prejudice Rivera's claim for wrongful discharge by Lawrence Livermore

23   National Security ("LLNS"), as time-barred.  Dkt. 38.  Because LLNS was named only

24   with respect to this first cause of action, LLNS was dismissed as a defendant.  Id. at 6.

25   Rivera filed a notice of appeal from this ruling, Dkt. 40, which the Ninth Circuit has

26   dismissed without prejudice.  Dkt. 65.

27         Second, on July 1, 2016, the court dismissed Rivera's other claims, brought

28   against the "federal defendants":  Shiwali Patel, Kimberly Davis Lebak, the National

United States District Court
Northern District of California

1   Nuclear Security Administration ("NNSA"), the Department of Energy ("DOE"), the DOE

2   Office of Hearings and Appeals ("OHA"), and the United States.  <u>See</u> Dkt. 43 (the "July 1

3   Order").  Rivera's claim based on the Administrative Procedure Act ("APA") was

4   dismissed because there had not yet been a final agency decision.  <u>Id.</u> at 8.  Rivera's

5   First Amendment claim against Lebak and Patel failed for lack of an implied <u>Bivens</u>

6   remedy on the facts alleged, as well as a failure to meet <u>Twombly</u>'s pleading standards.

7   <u>Id.</u> at 9–11.  The dismissal provided Rivera leave to amend the First Amendment claim,

8   and the first amended complaint ("FAC") followed on July 28, 2016.  Dkt. 51.

9       Third, on September 19, 2016, the court granted a motion to strike the wrongful

10   discharge claim from the amended complaint because the FAC had reasserted this

11   dismissed claim against LLNS.  Dkt. 63.  (The motion to dismiss was denied as moot, as

12   this claim had already been dismissed by the court.  <u>Id.</u>)

13       The federal defendants now bring a motion to dismiss the remaining claims in

14   Rivera's FAC.  Dkt. 64.

15   **B.     The First Amended Complaint**

16       The court has reviewed the factual allegations in this case in its prior rulings on the

17   motions to dismiss.  In the FAC, Rivera asserts four causes of action:  (1) wrongful

18   discharge against LLNS (now stricken); (2) First Amendment violations by Patel and

19   Lebak; (3) violations of the Administrative Procedures Act (APA) by NNSA, OHA, and the

20   DOE; and (4) a new APA claim against the DOE for "failure to issue [a] decision within a

21   reasonable time."  FAC ¶¶ 42–65.  The NNSA and OHA are both components of the

22   DOE.  FAC ¶¶ 8–9.  Patel is an OHA investigator, and Lebak is a site manager for the

23   NNSA, which oversees LLNS.  FAC ¶¶ 6–7.

24       Rivera is an engineer who was employed at LLNL for 29 years.  FAC ¶ 11.  On

25   October 16, 2013, Rivera was dismissed from his position.  FAC ¶ 36.  The gist of the

26   wrongful discharge and First Amendment claims is that Rivera's dismissal, and other

27   adverse actions taken against him, were in retaliation for protected disclosures that he

28   made about potential safety violations at LLNL.  The APA claims arise from an

administrative complaint brought by Rivera, which made similar allegations of retaliation. FAC ¶ 37.  Rivera alleges that OHA failed to investigate or conduct a hearing on the merits of his administrative complaint, and that the DOE has taken over a year to decide his petition for Secretarial review of OHA's decision affirming dismissal of his administrative complaint.  FAC ¶¶ 40, 65.

The new allegations in the FAC focus on providing greater detail regarding Lebak's role in Rivera's termination.  Rivera's theory on the First Amendment claim against Lebak is that "[i]n retaliation for Rivera's whistleblowing, Lebak authorized, directed, and conspired in the decision to terminate [Rivera's] employment."  FAC ¶ 36.c.

To support this claim, Rivera alleges that on September 17, 2013, he informed Lebak about "LLNS acts of mismanagement and abuse," including Rivera's safety concerns about port glass failure in the High Explosive Application Facility ("HEAF").  FAC ¶ 35.a.  Three days later, Rivera was escorted out of LLNL in light of his pending termination.  FAC ¶ 35.b.  Rivera notes that a November 22, 2013 report refers to "lower level incidents at the HEAF facility," which he believes to refer to the protected disclosures that he made to Lebak.  FAC ¶ 36.b.

Lebak "had general authority over LLNS to require action related to personnel matters."  FAC ¶ 36.d.  Rivera infers Lebak's intent to retaliate against him from two emails.  In the first, dated December 5, 2013, Lebak wrote to NNSA's Internal Affairs Director that "[b]ased on internal review of the subject allegation [by Rivera], I have no basis to require additional action from LLNS."  On September 25, 2013—shortly after Rivera was escorted out of LLNL—Lebak wrote to NNSA officials that "Mr. Rivera is now copying Bruce Held, you, me and others on his emails.  He is well known in LLNL and NNSA Employee Concerns circles.  I see evidence that the Lab is attempting to deal formally with his concerns . . . .  Mr. Rivera has a multi-year history of communicating with a variety of issues with a large audience."  FAC ¶ 36.3.  Rivera alleges that "LLNL, with Lebak's concurrence, dealt 'formally' with Rivera's concerns by terminating his employment."  Id.

3

United States District Court
Northern District of California

1         Rivera also alleges that on December 2, 2013, a "contracting officer" told Lebak

2   that Rivera "in April 2013 had alleged funding and charge account irregularities and 'his

3   termination was further retaliation for reporting . . . safety concerns at the [HEAF].'"  FAC

4   ¶ 36.d.  Who this "contracting officer" is, whether this statement was written or oral, and

5   how Rivera knows of the statement are not clear from the FAC.

6   **C.  Rivera's Administrative Complaint**

7         On January 16, 2014, Rivera filed an administrative complaint pursuant to 10

8   C.F.R. Part 708 ("Part 708"), alleging retaliation for protected disclosures.  FAC ¶ 37.

9   OHA accepted the complaint on March 10, 2014.  FAC ¶ 39.  On September 15, 2014,

10  the complaint was dismissed by the investigator, Patel.  See Decl. of Fred L. Brown

11  ("Brown Decl."), Dkt. 64-1 ¶ 3.  Patel's dismissal was upheld on appeal to OHA on March

12  9, 2015.  Id.

13        The FAC makes new allegations regarding how Patel came to be the investigator

14  of Rivera's complaint.  Rivera alleges that the investigator originally assigned to his case,

15  Wade M. Boswell, "determined that Rivera's complaint alleged facts sufficient to conduct

16  an investigation," including witness interviews.  FAC ¶ 39.b.  Boswell also indicated that

17  there would be a formal hearing on the matter.  FAC ¶ 39.d.  However, the "DOE

18  removed Boswell and replaced him with Patel in order to prevent the promised

19  investigation and hearing from taking place."  FAC ¶ 39.f.  Patel then "refused to conduct

20  an investigation" or hold a hearing.  FAC ¶¶ 40–41.

21        Rivera filed a petition for Secretarial review on March 23, 2015, and a brief in

22  support on July 15, 2015.  Brown Decl. ¶ 4.  As of the court's July 1, 2016 Order and the

23  filing of the FAC, the petition for Secretarial review was still pending.  Rivera's FAC thus

24  includes new allegations, in support of his fourth cause of action, that "no decision has

25  been forthcoming" on Rivera's petition for Secretarial review, even though it has been

26  pending for over a year.  FAC ¶ 41.a.  The FAC alleges that this delay is "unreasonabl[e]"

27  and seeks an order "compelling DOE to issue a final response to the petition by a specific

28  deadline."  FAC ¶ 65.c.

United States District Court
Northern District of California

1    Recently, however, has been a significant new development on the status of

2  Rivera's petition for Secretarial review.  On August 19, 2016, OHA issued an order

3  vacating its prior decision, which had affirmed the dismissal of Rivera's administrative

4  complaint.  Brown Decl. ¶ 4.  OHA's order indicates that "[u]pon further consideration,"

5  OHA will "appoint a new OHA Investigator to investigate the Complaint and issue a report

6  of investigation, to be followed by the appointment of an Administrative Judge" to conduct

7  a hearing.  Brown Decl. Ex. A.  On September 7, 2016, in light of OHA's action, the

8  Secretary of the DOE dismissed Rivera's petition for Secretarial review as moot.  Brown

9  Decl. ¶ 5.

**DISCUSSION**

10

11  **A.    Legal Standards**

12       **1.    Federal Rule of Civil Procedure 12(b)(1)**

13       Federal courts are courts of limited jurisdiction, possessing only that power

14  authorized by Article III of the United States Constitution and statutes enacted by

15  Congress pursuant thereto.  See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534,

16  541 (1986).  Thus, federal courts have no power to consider claims for which they lack

17  subject matter jurisdiction.  Id.

18       On a motion to dismiss pursuant to Rule 12(b)(1), the applicable standard turns on

19  the nature of the jurisdictional challenge.  A defendant may either challenge jurisdiction

20  on the face of the complaint or provide extrinsic evidence demonstrating lack of

21  jurisdiction on the facts of the case.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

22  Where there is a facial attack on the court's subject matter jurisdiction, the standard is

23  akin to the standard applied in determining a Rule 12(b)(6) motion.  That is, the factual

24  allegations are presumed true, and the motion is granted only if the plaintiff does not set

25  forth the elements necessary for subject matter jurisdiction.  See Doe v. Schachter, 804

26  F. Supp. 53, 57 (N.D. Cal. 1992).  The burden of establishing that a cause of action lies

27  within this limited jurisdiction rests upon the party asserting jurisdiction.  Kokkonen v.

28  Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

### 2.     Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal and factual sufficiency of the claims alleged in the complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199–1200 (9th Cir. 2003).  To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899–900 (9th Cir. 2007). Legally conclusory statements, not supported by actual factual allegations, need not be accepted by the court.  Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).  The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and quotations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – 'that the pleader is entitled to relief.'"  Id. at 679.

### B.     Analysis

The court has already dismissed Rivera's first claim with prejudice.  Dkt. 38.  For the reasons explained below, the court finds that each of other three claims in the FAC

1  must be dismissed as well.[1]

2  **1.    Second Cause of Action:  The First Amendment Claim**

3  The First Amendment claims against Patel and Lebak are purportedly made

4  pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S.

5  388 (1971) ("Bivens").  Although the Ninth Circuit has recognized First Amendment

6  claims under Bivens in some circumstances, see Moss v. United States Secret Serv., 572

7  F.3d 962, 967 n.4 (9th Cir. 2009), courts are not to imply a Bivens remedy when there is

8  an "alternative, existing process for protecting the [plaintiff's] interest."  Wilkie v. Robbins,

9  551 U.S. 537, 550 (2007).  Here, the alternative remedies available to Rivera preclude

10 recognition of a Bivens claim.

11 As to the First Amendment claim against Patel, the court reaffirms its conclusion

12 that this claim is precluded by the Ninth Circuit's decision in Western Radio Services.

13 See July 1 Order at 9–10 (relying on W. Radio Servs. Co. v. U.S. Forest Serv., 578 F.3d

14 1116, 1123 (9th Cir. 2009)).  The FAC contains no significant changes regarding the

15 claim against Patel.  The only relevant new details concern the removal of the initial OHA

16 investigator, which provides additional factual support for the alleged retaliatory motive.

17 However, the legal theory remains the same:  Patel "refused to conduct an investigation"

18 of Rivera's administrative complaint in retaliation for protected speech.  FAC ¶ 41.

19 This type of claim must be made under the APA, and not implied under Bivens.

20 "[T]he APA leaves no room for Bivens claims based on agency action or inaction."  W.

21 Radio Servs. Co., 578 F.3d at 1123.  Rivera's claim is that an agency actor (Patel)

22 refused to take action (conduct an investigation or hold a hearing) based on a retaliatory

23 purpose.  In these circumstances, the APA provides an "alternative, existing process" to

24 vindicate plaintiff's rights.  Wilkie, 551 U.S. at 550.  Once the DOE has issued a final

25

26 [1] Federal defendants object to certain exhibits, including emails referencing Rivera and Lebak, submitted by Rivera in opposition to their motion.  See Dkt. 67 at 6.  The court

27 SUSTAINS the objection, in part.  Rivera is not permitted to bolster his allegations by relying on documents that were not discussed or referenced in the FAC.  Thus, the court

28 will only consider the emails specifically referenced in the complaint and the materials that are part of the administrative record.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  decision on Rivera's administrative complaint, Rivera can challenge that decision and the

2  investigative process as "arbitrary and capricious" or "without observance of procedure

3  required by law" if it was, as he alleges, motivated by a retaliatory purpose.  5 U.S.C.

4  § 706(2)(A), (D).

5      The First Amendment claim against Lebak fails for analogous reasons.  Rivera

6  alleges Lebak, acting with "hostility" toward Rivera and with a retaliatory motive,

7  "authorized, directed, and conspired in the decision to terminate [Rivera's] employment."

8  FAC ¶ 36.c.  An alternative remedial scheme to vindicate Rivera's rights—specifically,

9  Part 708—is available for this claim.  See Bricker v. Rockwell Int'l Corp., 22 F.3d 871,

10 879 (9th Cir. 1993); Wilkie, 551 U.S. at 550.

11     The logic of Ninth Circuit's decision in Bricker precludes recognition of a Bivens

12 remedy against Lebak.  Part 708, entitled the "DOE Contractor Employee Protection

13 Program," creates "procedures for processing complaints by employees of DOE

14 contractors alleging retaliation by their employers for disclosure of information concerning

15 danger to public or worker health or safety, substantial violations of law, or gross

16 mismanagement." 10 C.F.R. § 708.1.  Available remedies include reinstatement, back

17 pay, and transfer.  10 C.F.R. § 708.36.  Part 708 became effective on April 2, 1992.

18 Criteria and Procedures for DOE Contractor Employee Protection Program, 57 Fed. Reg.

19 7533 (March 3, 1992).  Before Part 708 became effective, DOE contractor protections

20 were governed by DOE Order 5483.1A, which did not provide formal procedures.  See In

21 re: David Ramirez, DOE Case No., LWA-0002 (March 17, 1994),

22 http://energy.gov/sites/prod/files/lwa0002.pdf.

23     The predecessor to Part 708 was one of the alternative remedial schemes relied

24 on by the Ninth Circuit in Bricker.[2]  In Bricker, the court declined to imply a Bivens

25 remedy because of "the comprehensive administrative remedial mechanisms available to

26 the Brickers."  Id. at 879.  In particular, DOE Order 5438.1A "establishes occupational

27 _____

28 [2] Presumably, Rivera would also have be able to file a complaint with the Secretary of
   Labor under 42 U.S.C. § 5851(b)(1).

United States District Court
Northern District of California

1  health and safety standards for [DOE contractor] facilities and prohibits discrimination

2  against an employee who files a complaint or otherwise exercises his or her rights under

3  the order." Id. at 877.  Remedies include "rehiring or reinstatement of the employee,

4  restoration of lost seniority, and back pay"—the same remedies available to Rivera under

5  Part 708. Id.  Rivera is pursuing his claims of retaliation using this alternative process.

6  Rivera's attempts to distinguish Bricker are not persuasive.  The second cause of action

7  thus must be DISMISSED for lack of subject matter jurisdiction.

8        **2.**      **Third Cause of Action:  The APA Claim**

9        As the court already held in its July 1 Order, Rivera's APA claim is—and

10  remains—premature.  Dkt. 43 at 7–8.  There has still not been a final agency decision on

11  Rivera's administrative complaint.  Indeed, OHA is currently in the process of conducting

12  a new investigation of Rivera's Part 708 complaint.  As a result, the challenged action

13  does not "mark the consummation of the agency's decision making process."  Pac. Coast

14  Fed'n of Fishermen's Ass'ns v. Nat'l Marine Fisheries Serv., 265 F.3d 1028, 1033 (9th

15  Cir. 2001).  Accordingly, this court lacks subject matter jurisdiction to hear a claim under

16  the APA. Mamigonian v. Biggs, 710 F.3d 936, 941–42 (9th Cir. 2013).  This dismissal is

17  without prejudice, however.  Rivera may file a new complaint challenging the agency's

18  decision once the administrative process is finalized.

19        **3.**      **Fourth Cause of Action:  The "Unreasonable Delay" Claim**

20        Finally, Rivera's fourth cause of action is moot.  Section 706(1) of the APA

21  authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed."

22  5 U.S.C. § 706(1).  However, the DOE has now taken action on Rivera's petition for

23  Secretarial review, dismissing it in light of the promised new investigation.  As a result,

24  there is nothing left for the court to "compel."  Although Rivera suggests that he should

25  obtain damages for the delay, or a declaration of the unreasonableness of the delay, he

26  cites no authority that these remedies are available for a § 706(1) claim.  The court thus

27  DISMISSES the fourth cause of action as moot.

28  ///

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is GRANTED.  The dismissal is with prejudice, except as to Rivera's third cause of action, the APA claim. Rivera may file a new complaint pursuant to the APA challenging OHA's decision on his administrative complaint once there is a final agency action for this court to review.  The case management conference set for November 17 is VACATED.  The clerk shall close the case.

**IT IS SO ORDERED.**

Dated:  October 31, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge